UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>TIMOTHY BRIAN HUGHES and KIMBERLY ROSE HUGHES,<br><br>Debtors. | Chapter 13 Case<br><br>No. 4:20–bk–08862–BMW<br><br>STIPULATED ORDER CONFIRMING AMENDED CHAPTER 13 PLAN |

The Amended Chapter 13 Plan (docket 15, the "Plan") having been properly noticed out to creditors and any objection to confirmation having been resolved,

**IT IS ORDERED** confirming the Amended Plan of the Debtors as follows:     DCK

(A)  **INCOME SUBMITTED TO THE PLAN.** Debtors shall submit the following amounts of future income to the Trustee for distribution under the Plan.

1) <u>Future Earnings or Income</u>. Debtors shall make the following monthly Plan payments:

| Months | Amount |
|---|---|
| 1 | $3,070.00 |
| 2 | $3,030.00 |
| 3-5 | $3,050.00 |
| 6 | $3,030.00 |
| 7 | $3.050.00 |
| 8-9 | $2,890.00 |
| 10-60 | $2,922.00 |

The payments are due on or before the 30th day of each month commencing August 20, 2020. Debtors are advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term.

Any funding shortfall must be cured before the plan is deemed completed. The Debtors shall provide, directly to the Trustee copies of their **federal** and **state** income tax returns for post-petition years within 14 days of filing them.

2) Other Property. *If the Debtors receive a tax refund in excess of $1,000, the debtors shall pay such refund directly to the Trustee as supplements to the plan. In the event that other property is submitted, it shall be treated as supplemental payments.* In no event will the term of the Plan be reduced to less than 36 months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

(B) **DURATION.** This Plan shall continue for 60 months from the first regular monthly payment described in Paragraph (A) (1) above. If at any time before the end of the Plan period all claims are paid, then the Plan shall terminate.

(C) Debtors are instructed to remit all payments on or before the stated due date each month. Debtors are advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before a discharge can be entered. This requirement is effective regardless of plan payment suspensions, waivers or moratoriums, and must be included in any Stipulated Order Confirming.

(D) **CLASSIFICATION AND TREATMENT OF CLAIMS.** Claims shall be classified and paid as listed below. The Plan and this Order shall not constitute an informal proof of claim for any creditor. The Trustee shall receive the percentage fee on the Plan payments pursuant to 28 U.S.C. § 586(e), then the Trustee will pay creditors in the following order:

1) Administrative expenses:

   Attorney Fees. Alan R. Solot, shall be allowed total compensation of $4,500 attorney's fees. Attorney fees of $1,550 were paid by the Debtors prior to filing this case. Alan R. Solot will be paid $2,950 by the Chapter 13 Trustee.

   Flat Fee. Counsel for the Debtor has agreed to a total sum of $4,500 or less to represent the Debtor. Counsel has agreed to perform the following services through confirmation of the plan:

   - ☒ All of the below, except Additional Services.
   - ☒ Review of financial documents and information.
   - ☒ Consultation, planning, and advice, including office visits and telephone communications.
   - ☒ Preparation of Petition, Schedules, Statement of Financial Affairs, Master Mailing List.
   - ☒ Preparation and filing of Chapter 13 Plan, Plan Analysis, and any necessary amendments.
   - ☒ Attendance at the § 341 meeting of creditors.
   - ☒ Resolution of creditor objections and Trustee recommendations, and attendance at hearings.
   - ☒ Reviewing and analyzing creditor claims for potential objections, and attendance at hearings.
   - ☒ Responding to motions to dismiss, and attendance at hearings.

2

Case 4:20-bk-08862-BMW    Doc 41    Filed 09/09/21    Entered 09/10/21 07:52:04    Desc
Main Document    Page 2 of 5

☒ Responding to motions for relief from the automatic stay, and attendance at hearings.
☒ Drafting and mailing of any necessary correspondence.
☒ Preparation of proposed order confirming the plan.
☐ Representation in any adversary proceedings.
☒ Representation regarding the pre-filing credit briefing and post-filing education course.

2) <u>Claims Secured by Real Property</u>:

   a. Disney Vacation Development, Inc. ("DVD"), claim number 10, secured by a lien in an undivided 0.6139% interest in Unit 688 of Disney's Animal Kingdom Villas, a leasehold condominium according to the Declaration of Condominium thereof as recorded in Official Records Book 9077, Page 4252, Public Records of Orange County, Florida, and all amendments thereto shall be paid a secured claim of $7,499.41 with 4.00% interest. Upon the entry of Debtors' discharge the lien on the above-described property, shall be released to Debtors by DVD. Any amounts remaining shall be paid as an unsecured nonpriority claim and discharged at the completion of the Plan.

   DVD shall accept post-petition Timeshare Annual Dues as paid by the Debtors outside the Plan directly to the Debtors. DVD shall be permitted to provide to the Debtors billing or account statements to notify the Debtors of due dates, amounts owed and the like for post-petition Timeshare Annual Dues.

3) <u>Claims Secured by Personal Property</u>:

   Ally Capital, claim number 4, secured by a lien in a certain 2018 Jeep Cherokee Dodge Grand Caravan, shall be paid a secured claim of $18,000 with 4.00% interest. The creditor will receive adequate protect payments of $150.00 per month. Upon the entry of Debtors' discharge the lien on that certain 2018 Jeep Cherokee, shall be released to Debtors by Ally Capital. Any amounts remaining shall be paid as an unsecured nonpriority claim and discharged at the completion of the Plan.

   Ford Motor Credit Company, LLC, claim number 6, secured by a lien in a certain 2015 Ford Fusion, shall be paid a secured claim of $13,420 with 4.00% interest. The creditor will receive adequate protect payments of $150.00 per month. Upon the entry of Debtors' discharge the lien on that certain 2015 Ford Fusion, shall be released to Debtors by Ford Motor Credit Company, LLC. Any amounts remaining shall be paid as an unsecured nonpriority claim and discharged at the completion of the Plan.

   Conn Appliances, Inc. d/b/a Conn's HomePlus as servicer-in-fact and attorney-in-fact for Conn Credit I, LP (hereafter, "Conn's"), claim number 14, secured by a lien on a certain 75" flat QLED 4KUHD, shall be paid a secured claim of $3,260 (as provided in such Claim 14), with 4.00% interest. Upon the entry of Debtors' discharge the lien on above-described property shall be released to Debtors by Conn's. Any amounts remaining shall be paid as an unsecured nonpriority claim and discharged at the completion of the Plan.

4) <u>Unsecured Priority Claims</u>:

   The Department of the Treasury/Internal Revenue Service has an unsecured priority claim (Claim 5) for $5,780.41 for income taxes for tax years 2017 and

3

2019. The Department of the Treasury/Internal Revenue Service will be paid $5,780.41 as unsecured priority claim with no interest. The $6,186.35 general unsecured claim in such Claim 5 shall be receive a pro-rata share of any distribution made to holders of general unsecured claims.

5) <u>Other Provisions</u>:

None

6) <u>General Unsecured Non-priority Claims</u>. All other claims shall be classified as unsecured and non-priority. Such claims shall be paid pro rata the balance of the payments under the Plan and any unsecured debt balance remaining unpaid at the end of the Plan may be discharged as provided in 11 U.S.C. §1328(a).

b. **EFFECTIVE DATE AND VESTING.** The effective date of the Plan shall be the date of this Order. Property of the estate vests in Debtors upon confirmation.

---

## ORDER SIGNED ABOVE

---

Approved as to Form and Content by:

Digitally signed by Dianne C. Kerns
Date: 2021.09.08 14:05:16 -07'00'

Dianne Crandell Kerns, Trustee


/s/ Alan R. Solot
Alan R. Solot
Attorney for Debtor(s)


Timothy B. Hughes
TIMOTHY BRIAN HUGHES, Debtor


Kimberly R. Hughes
KIMBERLY ROSE HUGHES, Debtor

4

## PLAN ANALYSIS

| | | |
|---|---|---:|
| (1) | Trustee's compensation (10% of Total plan payments to Trustee) | $ 17,613.18 |
| (2) | Administrative Expenses (§(C)(2)) | $ 2,950.00 |
| (3) | Leases and Executory Contracts (§(C)(3)) | $ 0.00 |
| (4) | (a) Conduit Mortgage Payments (§ (C)(4)(c)) | $ 0.00 |
| (4) | (b) Arrearage Claims Secured Solely by Real Property (§ (C)(4)(c)) | $ 0.00 |
| (5) | (a) Claims Secured by Personal Property or Combination of Real & Personal Property (§ (C)(5)) - Unmodified. | $ 0.00 |
| (5) | (b) Claims Secured by Personal Property or Combination of Real & Personal Property (§ (C)(5)) - Modified. | $ 43,563.53 |
| (6) | Priority Unsecured Claims (§(C)(6)) | $ 5,780.41 |
| (7) | Unsecured Nonpriority Claims (§ (c)(7)) | $ 106,224.85 |
| (8) | Total of Plan Payments to Trustee | $ 176,131.98 |

**(J)** **Section 1325 Analysis.**

(1) Best Interest of Creditors Test:

| | |
|---|---:|
| Value of Debtor's interest in nonexempt property | $ 13,316.56 |
| Plus: Value of property recoverable under avoidance powers | $ 0.00 |
| Less: Estimated Chapter 7 administrative expenses | $ 4,789.83 |
| Less: Amount payable to unsecured, priority creditors | $ 5,780.41 |
| Equals: Estimated amount payable to unsecured, nonpriority claims if Debtor filed Chapter 7 | $ 2,746.32 |

(2) Section 1325(b) Analysis:

| | |
|---|---:|
| (a) Monthly Disposable Income, Schedule J, (if less than $0, then state $0) | $ 2,919.30 |
| Applicable Commitment Period | $ 60 |
| Total of Line 2(a) amount x 36 | $ 175,158.00 |
| (3) Estimated Payment to Unsecured, Nonpriority Creditors Under Plan | $ 106,224.85 |

The Debtor(s) certify: All required State and Federal income tax returns have been filed. No domestic support obligation is owed or, if owed, such payments are current since the filing of the Petition.

*Timothy B. Hughes*
TIMOTHY BRIAN HUGHES, Debtor

*Kimberly R. Hughes*
KIMBERLY ROSE HUGHES, Debtor

5